

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

Honorable Bascom Giles, Commissioner
General Land Office
Austin 14, Texas

Dear Sir:

Opinion No. O-6607

Re: Whether or not a levee improve-
ment district may be created
under the provisions of Chapter
6, Title 128, Vernon's Annotated
Civil Statutes, in all or any
one of the counties in question,
notwithstanding the fact that
said counties are included with-
in the boundaries of the Lower
Colorado River Authority.

We are in receipt of your opinion request of recent
date, reading as follows:

"I am informed that the War Department has
plans for the post-war construction of a flood con-
trol project in Colorado, Matagorda and Wharton
Counties, Texas. The project will consist of pro-
tecting levees along the banks of the Colorado
River, in Colorado County from a point below the
town of Eagle Lake on the east side of the river
to the Wharton County line, and on each bank of
the river through Wharton and Matagorda Counties
to the mouth of the river, the project also call-
ing for a ring levee around the town of Columbus
and the town of Matagorda.

"The construction cost of the project is to be
paid by the Federal Government, conditioned on the
counties furnishing the necessary rights-of-way.

"I understand your department has held that a
county has no authority to use county funds for the
purchase of rights-of-way for flood control projects
and similar purposes. Therefore, it is necessary
that some type of agency be created in the above
named counties with the right and authority to issue
bonds and levy taxes for the purchase of right-of-
way and for maintaining the levees after they are
constructed.

"The three counties named are included within
the boundaries of the Lower Colorado River Authority
as created by Acts 1934, 43rd Legislature, 4th Calles
Session, Page 19, Chapter 7, which has the power and
authority, among others, "to prevent or aid in the
prevention of damage to persons or property from the
waters of the Colorado River and its tributaries."
I understand the L.C.R.A. is not in a position to
purchase the right-of-way for the proposed project
and has no objection to the creation of a local agency
with the power to do so.

"Will you kindly advise whether or not a levee
improvement district may be created under the provi-
sions of Chapter 6, Title 128, V.A.C.S., in all or
any one of the above named counties notwithstanding
the fact that said counties are included within the
boundaries of the Lower Colorado River Authority. * *"

Replying to the above, you are advised that we have
carefully read the Act of the Legislature creating the Lower
Colorado River Authority, and we find nothing in the Act of
the Legislature which gives exclusive control of lands within
the counties included within the boundaries of that Authority,
with respect to the creation of other districts with similar
purposes. In our opinion No. 0-6605, we have very recently
held that a water control and improvement district may be
created within the territory comprising the Lower Colorado
River Authority, and this department has approved the bonds
of two water control and improvement districts of Travis County
created since the creation of the Lower Colorado River Au-
thority, thereby giving the approval of this department to the
creation of water control and improvement districts within a
county included within the boundaries of the Lower Colorado
River Authority.

Article 7972, Vernon's Annotated Civil Statutes, reads
as follows:

"There may be created within this State conserva-
tion and reclamation districts to be known as Levee
Improvement Districts, for the purpose of constructing
and maintaining levees and other improvements on,
along and contiguous to rivers, creeks, and streams,
for the purpose of reclaiming lands from overflow
from such streams, for the purpose of the control and
distribution of the waters of rivers and streams by
straightening and otherwise improving the same, and
for the proper drainage and other improvement of such
lands, all as contemplated by Section 59, Article 16,

of the Constitution of this State, for the conservation and development of the natural resources of this State, which said districts shall have and may exercise all the rights, powers and privileges given by this Act and in accordance with its limitations and provisions."

Article 7974, Vernon's Annotated Civil Statutes, provides that:

"* * * when it is proposed to create such a district to be composed of lands in two or more counties, then a petition of the nature above indicated, signed by the owners of a majority of the acreage of such proposed district, designating the county of jurisdiction in respect to all matters concerning the said district, which county may be any county in which any part of district is located, shall be presented to the commissioners' court of such county, or, if the court is not in session, to the county judge thereof; * * * "

which clearly authorizes the creation of levee improvement districts containing territory in more than one county. Levee improvement districts are authorized and empowered to make all the necessary levees, bridges and other improvements across or under any rail-embankments, tracks, or rights-of-way, or public or private roads or the right-of-way thereof, or levees or other public improvements of other districts, or such other improvements and rights-of-way thereof. See Article 7986, Vernon's Annotated Civil Statutes.

Levee improvement districts are also given the authority to act jointly with each other, with cities and towns and other political subdivisions of the State, and with the Government of the United States in the performance of any of the things permitted by Chapter 6 of Title 128. See Article 7986, Vernon's Annotated Civil Statutes.

Of course, a levee improvement district would not be authorized to curtail or in any way interfere with any prior district that had been created by authority of law, and we see no reason for thinking that a levee improvement district would interfere in any way with the authority and purposes of the Lower Colorado River Authority.

You are, therefore, advised that it is our opinion that a levee improvement district may be created so as to embrace lands in one or all of the Counties of Colorado, Wharton and Matagorda, notwithstanding the fact that said counties are in-

cluded within the boundaries of the Lower Colorado River Authority.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/C. F. Gibson
C. F. Gibson
Assistant

CFG:EP:wc

APPROVED JULY 2, 1945
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman